UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDNIE REVOLUS,

    Plaintiff,

v.                                               Case No. 3:24-cv-653-MMH-PDB

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 16; Report), entered by the Honorable Patricia Barksdale, United States Magistrate Judge, on July 30, 2025. In the Report, Judge Barksdale recommends affirming the Commissioner of Social Security's decision that Plaintiff, Ednie Revolus, was not disabled. See Report at 14, 24. Revolus timely filed objections to the Report. See Objection to Report and Recommendation (Doc. 17; Objections), filed August 13, 2025. The Commissioner filed a response to Revolus's Objections requesting that the Court overrule the Objections and adopt the Report. See Defendant's Corrected Response to Plaintiff's Objection to Report and Recommendation (Doc. 20; Response), filed August 18, 2025. Accordingly, this matter is ripe for review.

As a preliminary matter, the Court notes that in the Response, the Commissioner "rests on his opening Memorandum," a document he filed in response to Revolus's opening brief. See Response at 1; see also Plaintiff's Memorandum of Law (Doc. 12; Revolus's Memorandum), filed November 8, 2024; Memorandum in Support of the Commissioner's Decision (Doc. 14; Commissioner's Memorandum), filed November 22, 2024. This appears to be an attempt to incorporate into the Response the arguments the Commissioner made in the Commissioner's Memorandum. Incorporation by reference is prohibited under the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). See Local Rule 3.01(f) ("A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief."). In this instance, in the interests of judicial economy, the Court will excuse the Commissioner's failure to comply with the Local Rules, but the Court admonishes the Commissioner to comply with the Local Rules of this Court when making future filings.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal

conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not"). Because the Court finds that Revolus's Objections are due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address the Objections.

Revolus raises two objections to the Report. See generally Objections. First, Revolus contends that the ALJ did not conduct a consistency analysis when evaluating the persuasiveness of the medical opinions of Dr. Evelyn Wolf and Dr. Syeda Asad. Id. at 1–3.[2] According to Revolus, this error precludes the

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 24.

[2] As the Magistrate Judge explained, when evaluating the persuasiveness of a medical opinion, the ALJ must "consider supportability, consistency, the relationship with the claimant, any specialization, and 'other factors,' including evidence that a medical source is

Court "from determining whether the level of persuasiveness assigned to these opinions was supported by substantial evidence." Id. at 3. Second, Revolus contends that, in evaluating the supportability factor, the ALJ mischaracterized the evidence by erroneously concluding that the opinions of Dr. Wolf and Dr. Asad were largely based on subjective evidence. Id. at 3–5.

As to whether the ALJ conducted a consistency analysis, the Magistrate Judge found that the ALJ "evaluated the consistency of Dr. Wolf's and Dr. Asad's opinions by comparing their opinions to Dr. [Harvey] Alpern's, Dr. [V.] Au's, and Dr. [S.] Jacob's opinions." See Report at 20.[3] Revolus responds that "the ALJ does not perform a consistency analysis for one opinion by evaluating the persuasiveness of an entirely separate opinion ... ." See Objections at 1–2.

---

familiar with the other evidence in the claim or understands the disability program's policies and evidentiary requirements." See Report at 16 (citing 20 C.F.R. § 404.1520c(c)(1)–(5). Additionally,

> The most important factors are supportability and consistency, and the ALJ must explain how he considered them. [20 C.F.R.] § 404.1520c(a), (b). As to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." Id. § 404.1520c(c)(1). As to consistency, the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." Id. § 404.1520c(c)(2).

See Report at 16.

[3] Because Revolus's argument as to the ALJ's consistency analysis "relies on the legal standard on which the ALJ's decision was based, not its factual underpinnings," the Court reviews de novo whether the ALJ conducted a consistency analysis. See Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1275 (11th Cir. 2024) (applying earlier versions of the relevant regulations).

-4-

Revolus is correct that, in the paragraphs in which the ALJ considered the persuasiveness of Dr. Wolf's and Dr. Asad's opinions, the ALJ did not explicitly compare the opinions with "the evidence from other medical sources." See Tr. 47–48; 20 C.F.R. § 404.1520c(c)(2). While the ALJ's decision would have benefitted from a more explicit consistency analysis comparing Dr. Wolf's and Dr. Asad's opinions with the other evidence of record, greater specificity is not required considering that the ALJ thoroughly described the relevant evidence elsewhere in his decision. See Rodriguez v. Comm'r of Soc. Sec., No. 6:20-cv-1674-MRM, 2022 WL 807443, at *5–7 (M.D. Fla. Mar. 17, 2022).[4] Notably, when evaluating the persuasiveness of Dr. Alpern's, Dr. Au's, and Dr. Jacob's opinions, the ALJ did explicitly consider the consistency of their opinions with "the consultative examiner's"—presumably, Dr. Wolf's—findings. See Report at 11 (the ALJ found that Dr. Alpern's opinion "was generally persuasive" in part due to "the consistency of his opinion with the medical evidence, including the generally healthy physical findings noted by the consultative examiner, who noted some limitation in range of motion involving the lumbar spine but otherwise a normal gait with the ability to walk on her heels and toes without difficulty" (quoting Tr. 46)); Report at 12 (the

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

ALJ found that Dr. Au's opinion "was generally persuasive" in part because it was "consistent with the medical evidence that notes some limitations in range of motion but normal unassisted ambulation with intact strength and sensation" and also because it "mirrors" Revolus's "statements to the consultative examiner that she can do light housework" (quoting Tr. 46–47)); Report at 12–13 (the ALJ found that Dr. Jacob's opinion "was generally persuasive" in part because it was "consistent with the medical evidence that notes some limitations in range of motion but normal unassisted ambulation with tax strength and sensation" and also because it "mirrors" Revolus's "statements to the consultative examiner that she can do light housework" (quoting Tr. 47)). Accordingly, reading the ALJ's decision as a whole, the ALJ did explain whether Dr. Wolf's and Dr. Asad's opinions were consistent with the other evidence of record. See Nixon v. Kijakazi, No. 6:20-cv-957-JRK, 2021 WL 4146295, at *5 (M.D. Fla. Sep. 13, 2021) ("Although the ALJ did not explicitly discuss the particular opinion's supportability and consistency as required by the Regulations, when read in context, it becomes evident the ALJ did not find the opinion supported by or consistent with the balance of the evidence.").

Moreover, as the Magistrate Judge explained, the ALJ stated that Dr. Wolf's and Dr. Asad's opinions were "less persuasive" in part because they were "only based upon a one-time examination which noted limitations that

appeared to be based in large part upon Revolus's subjective complaints … ." See Report at 13 (quoting Tr. 47 (alteration adopted)). Earlier in his decision, the ALJ concluded that Revolus's subjective "statements about the intensity, persistence, and limiting effects" of her symptoms were "inconsistent because they are not fully supported by the medical record." See Report at 5 (quoting Tr. 42). Thus, although the ALJ did not explicitly identify which of Revolus's subjective complaints were inconsistent with which elements of the medical record, in finding that Dr. Wolf's and Dr. Asad's opinions "appeared to be based in large part" on her complaints and in finding that her complaints were "not fully supported by the medical record," the ALJ did explain how he considered the consistency of the opinions with the medical evidence. See Dubose v. Comm'r of Soc. Sec., No. 24-13554, 2025 WL 2529598, at *5 (11th Cir. Sep. 3, 2025) (per curiam) (the ALJ's analysis is sufficient if the ALJ "states with at least some measure of clarity the grounds for his or her decision" (quoting Raper, 89 F.4th at 1276 n.14)).[5]

Notably, Revolus does not explain whether, even if the ALJ did err in inadequately explaining how he considered the consistency of Dr. Wolf's and Dr. Asad's opinions with the other medical evidence, this failure had any effect

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

on the ALJ's finding that the opinions were "less persuasive" or on the ultimate finding of Revolus's RFC.[6] See generally Objections; Revolus's Memorandum; see also Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1317–18 (11th Cir. 2021) ("The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009) (alteration adopted)); see also Bratton v. O'Malley, No. 3:22-cv-644-SMD, 2024 WL 750574, at *5 (M.D. Ala. Feb. 23, 2024) (to demonstrate that an ALJ's failure to explain the consistency factor was harmful, "a plaintiff must show that had the ALJ given further explanation, he would have adopted additional limitations"). While Revolus contends in a conclusory fashion that "[h]ad these opinions been properly evaluated, [Revolus] may have been found incapable of even sedentary work, and thus precluded from the nurse consultant position identified by the vocational expert," see Revolus's Memorandum at 13–14, Revolus fails to explain how a proper consistency analysis could have increased the persuasive value of the opinions. Indeed, Revolus does not identify even a single piece of evidence that the ALJ could have found to be consistent with Dr. Wolf's or Dr. Asad's opinions that Revolus was more severely limited. Accordingly, the Court concludes that remand would not be warranted even if the Court accepted Revolus's objection

---

[6] As the Magistrate Judge explained, "[a]n RFC is the most a claimant can do despite limitations." See Report at 5 n.4 (citing 20 C.F.R. 404.1545(a)(1)).

as to the ALJ's consistency analysis. See Raper, 89 F.4th at 1274 n.11 ("Remand is unwarranted unless an error creates fundamental unfairness or prejudice."); Rodriguez, 2022 WL 807443, at *7 ("The Court has not found, and [the] [p]laintiff has not cited, any medical evidence revealing that the ALJ's finding as to the persuasiveness of [the] … medical opinions is not supported by substantial evidence. Thus, the Court finds that the ALJ's decision is due to be affirmed as to this issue.").[7]

As to Revolus's second objection, Revolus contends the ALJ mischaracterized Dr. Wolf's and Dr. Asad's opinions because there is "no evidence suggesting that their opinions were 'in large part' based on [Revolus's] subjective complaints." See Objections at 3–5 (quoting Tr. 47). As an initial matter the Court notes that Revolus appears to suggest that the ALJ's supposed mischaracterization of the opinions was a legal error. See Objections at 5 (quoting Sneed v. Berryhill, No. 3:15cv591-SRW, 2017 WL 1230849, at *5 (M.D. Ala. Mar. 31, 2017) for the proposition that a mischaracterization of the evidence can be a legal error that prevents the district court from conducting meaningful appellate review). However, Revolus's argument centers on whether the evidence supports the ALJ's finding. See Objections at 3–5

---

[7] Revolus states that the ALJ's failure to include any consistency analysis "warrants automatic remand," see Revolus's Memorandum at 10, but does not cite any legal authority to support this proposition. The Court concludes that the law does not require automatic remand in all such circumstances. See Viverette, 13 F.4th at 1317–18; Raper, 89 F.4th at 1274 n.11; Bratton, 2024 WL 750574, at *5; Rodriguez, 2022 WL 807443, at *7.

(discussing whether any evidence supported the finding that the opinions were based on Revolus's subjective complaints). As such, the Court construes Revolus's challenge to be whether substantial evidence supports the ALJ's finding that the opinions "appear to be" based "in large part" on Revolus's "subjective complaints." See Report at 13–14 (quoting Tr. 47–48).[8]

Revolus observes that "[n]either the ALJ nor the Magistrate Judge have cited evidence or legal authority showing that the mere existence of subjective reporting in a doctor's examination notes means that any opinion derived from those notes must be largely based on subjective evidence, regardless of the amount of objective observations also documented therein." See Objections at 4. But the ALJ is not required to explain in detail every fact that undergirds his supportability analysis and Revolus has failed to explain how substantial evidence does not support the ALJ's conclusion that Dr. Wolf's and Dr. Asad's opinions were based "in large part" on Revolus's subjective complaints. Notably, when evaluating the persuasiveness of a medical opinion, an ALJ may properly consider whether the opinion appears based on subjective complaints. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (per

---

[8] Even construing Revolus's second objection as a legal challenge to the sufficiency of the ALJ's supportability analysis, the ALJ's decision would be due to be affirmed because the ALJ explained whether Dr. Wolf's and Dr. Asad's opinions were supported by their examination findings. See, e.g., Report at 13–14 (quoting Tr. 47–48). Moreover, Revolus has failed to demonstrate that the purported error was prejudicial. See Raper, 89 F.4th at 1274 n.11.

curiam) (holding that an ALJ's decision to discount a medical opinion was supported by substantial evidence in part because the opinion "appear[ed] to be based primarily on … subjective complaints"), accord Nardelli v. Comm'r of Soc. Sec., No. 23-11581, 2024 WL 565383, at *5 (11th Cir. Feb. 13, 2024) (per curiam). As the Magistrate Judge explained, the ALJ described Dr. Wolf's and Dr. Asad's findings in detail, including both Revolus's subjective complaints and the objective evidence. See Report at 22–23; Tr. 43–44. The ALJ noted that the opinions "appeared to be" based "in large part" on Revolus's subjective complaints, and in evaluating the ALJ's finding that the opinions were "less persuasive," the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). In her effort to explain why Dr. Wolf's and Dr. Asad's opinions were not based largely on her subjective complaints, Revolus also highlights objective evidence that she contends supports Dr. Wolf's and Dr. Asad's opinions that she was more severely limited. See Objections at 4. In doing so, Revolus misapprehends the question before the Court, which is not whether the evidence could have supported a different finding, but rather whether substantial evidence supports the finding that the ALJ actually made. See Moore, 405 F.3d at 1213 ("To the extent that [the claimant] points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate

-11-

review … ." (footnote omitted)). Here, it does. The ALJ thoroughly summarized the medical evidence, including evidence from Dr. Wolf and Dr. Asad that could have supported more severe limitations than those the ALJ ultimately found. Upon review of the record, the Court concludes that substantial evidence supports the ALJ's finding that Dr. Wolf's and Dr. Asad's opinions appeared to be based largely on Revolus's subjective complaints.

For the foregoing reasons, the Court concludes that the ALJ adequately explained his consideration of the consistency and supportability factors when evaluating the persuasiveness of Dr. Wolf's and Dr. Asad's opinions. Revolus has not shown that the ALJ applied the wrong legal standards or that substantial evidence fails to support the ALJ's determinations that these opinions were partly inconsistent with the medical record and partly unsupported by the doctors' own findings. As to the consistency factor, even if the ALJ did err, Revolus has not shown that this error was prejudicial or caused fundamental unfairness. As such, Revolus's Objections are due to be overruled, and the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED:**

1. Revolus's Objections to the Report and Recommendation (Doc. 17) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 16) is **ADOPTED** as the opinion of the Court.

3. The Clerk of Court is directed to (1) **enter judgment** pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), affirming the Commissioner's final decision; and (2) close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 24th day of September, 2025.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record